**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| **PARK CENTER ASSOCIATES, LP** | * | |
| **4401 Ford Avenue, Suite 400** | | |
| **Alexandria, Virginia 22302** | * | |
| | | **Case No. 1:10 CV 895** |
| **-and-** | * | |
| | | |
| **2009 14th STREET LLC,** | * | |
| **4401 Ford Avenue, Suite 400** | | |
| **Alexandria, Virginia 22302** | * | |
| | | |
| **Plaintiffs,** | * | |
| **v.** | | |
| | * | |
| **TRAVELERS PROPERTY CASUALTY** | | |
| **COMPANY OF AMERICA,** | * | |
| **One Tower Square** | | |
| **Hartford, Connecticut 06183** | * | |
| | | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*      \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER AND GROUNDS OF DEFENSE

Defendant, Travelers Property Casualty Company of America ("Travelers"), by its undersigned counsel, files its Answer to the Plaintiff's Complaint, and states its grounds of defense as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action for which relief can be granted as to both Plaintiffs.

### SECOND DEFENSE

As to the specific allegations contained in the Complaint, Defendant Travelers states:

1.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1; to the extent a response is necessary, the allegations are denied.

2.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 2; to the extent a response is necessary, the allegations are denied.

3.      Defendant admits the allegations contained in Paragraph 3.

4.      Defendant denies the allegation in Paragraph 4 that it contracts to supply services in Virginia; rather, Defendant provides insurance coverage in Virginia.  Defendant admits the balance of the allegations contained in Paragraph 4.

5.      Defendant admits the allegations contained in Paragraph 5.

6.      Defendant admits the allegations contained in Paragraph 6.

7.      Defendant admits the allegations contained in Paragraph 7.

8.      Defendant admits that the Plaintiffs purchased the Policy[1] from Defendant. Defendant denies the balance of the allegations contained in Paragraph 8 to the extent that the Policy speaks for itself.

9.      Defendant denies the allegations contained in Paragraph 9 to the extent that the Policy speaks for itself.

10.     Defendant denies the allegations contained in Paragraph 10 to the extent that the Policy speaks for itself.

11.     Defendant admits that several inches of snow fell in Arlington, Virginia on December 5, 2007, including on the parking deck at the Arlington Executive Office Building. Defendant is without sufficient information to admit or deny the balance of Paragraph 11; to the extent a response is necessary, the allegations are denied.

---

[1] Capitalized terms as used herein have the same meaning as assigned in the Complaint.

ND: 4813-7891-6615, v. 1

12.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 12; to the extent a response is necessary, the allegations are denied.

13.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 13; to the extent a response is necessary, the allegations are denied.

14.     Defendant denies the allegations contained in Paragraph 14 to the extent that the preliminary engineering survey referenced therein speaks for itself.

15.     Defendant admits the allegations contained in Paragraph 15.

16.     Defendant admits the allegations contained in Paragraph 16.

17.     Defendant admits the allegations contained in Paragraph 17.

18.     Defendant admits that it commissioned a structural analysis of the parking deck by Wiss Janney.  Defendant denies the allegations contained in Paragraph 18 to the extent that the September 28, 2008 report speaks for itself.   Defendant denies the remaining allegations of Paragraph 18.

19.     Defendant denies the allegations contained in Paragraph 19 to the extent that the letter speaks for itself.

20.     Defendant admits the allegations contained in Paragraph 20 to the extent that it has not paid any moneys to Plaintiffs in connection with the loss.  Defendant denies the balance of the allegations contained therein.

21.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 21; to the extent a response is necessary, the allegations are denied.

## COUNT I – Declaratory Judgment

22.     Defendant repeats and incorporates by reference the responses contained in Paragraphs 1 through 22 as though fully set forth herein.

23.     Defendant denies the allegations contained in Paragraph 23.

24.     Paragraph 24 contains legal conclusions to which no response is necessary; to the extent a response is required, the allegations are denied.

25.     Defendant denies the allegations contained in Paragraph 25.

26.     Defendant admits the allegations of Paragraph 26 to the extent that it has denied coverage for Plaintiffs' claim.  Defendant denies the balance of the allegations contained therein.

27.     Defendant admits the allegations contained in Paragraph 27.

28.     Defendant admits that an actual controversy exists with respect to Defendant's obligation to pay Plaintiffs under the terms of the Policy.  Defendant is without sufficient information to admit or deny the balance of the allegations contained in Paragraph 28; to the extent a response is necessary, the allegations are denied.

29.     Defendant admits the allegations contained in Paragraph 29.

30.     Defendant admits the allegations contained in Paragraph 30.

## COUNT II – Breach of Contract

31.     Defendant repeats and incorporates by reference the responses contained Paragraphs 1 through 30 as though fully set forth herein.

32.     Defendant admits the allegations contained in Paragraph 32.

33.     Paragraph 33 contains legal conclusions to which no response is necessary; to the extent a response is required, the allegations are denied.

34.     Defendant denies the allegations contained in Paragraph 34.

ND: 4813-7891-6615, v.  1

35.     Defendant denies the allegations contained in Paragraph 35 and demands that Plaintiffs provide specific proof at trial of any damages prayed.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' claims are barred by the express terms of the Policy.

2.     Defendant reserves the right to assert any defenses not specifically alleged herein that may be discovered through the course of this litigation.

WHEREFORE, Defendant Travelers respectfully requests:

A.     That the Court dismiss the Plaintiffs' Complaint with prejudice; and

B.     That the Court award the Defendant such other and further relief as the nature of its cause may require.


Respectfully submitted,
THE TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA
*By Counsel:*


_____/s/ Craig D. Roswell_____
Craig D. Roswell (VSB No. 33091)
cdroswell@nilesbarton.com
M. David Stallings (VSB No. 79095)
mdstallings@nilesbarton.com
Niles, Barton & Wilmer, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
(410) 783-6300
(410) 783-6363 facsimile

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 18th day of August, 2010, a copy of the foregoing

Answer and Grounds of Defense was filed and served via the Court's ECF/CM system, and

delivered by first class mail, postage prepaid to:

Savalle C. Sims, Esquire
Deanne M. Ottaviano, Esquire
ARENT FOX LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
*Counsel for the Plaintiffs*


                          /s/ Craig D. Roswell
                    Craig D. Roswell (VSB No. 33091)
                    cdroswell@nilesbarton.com
                    M. David Stallings (VSB No. 79095)
                    mdstallings@nilesbarton.com
                    Niles, Barton & Wilmer, LLP
                    111 S. Calvert Street, Suite 1400
                    Baltimore, Maryland 21202
                    (410) 783-6300
                    (410) 783-6363 facsimile
                    *Counsel for The Travelers Property Casualty
                    Company of America*

ND: 4813-7891-6615, v. 1